**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CARLOS ALAMO,                   :
                                    Civil Action No. 06-2555 (JBS)
      Petitioner,     :

      v.              :   **OPINION**

CHARLES SAMUEL, Warden,         :

      Respondent.     :

**APPEARANCES:**

Petitioner pro se
Carlos Alamo
F.C.I. Fort Dix
Fort Dix, NJ 08640

Counsel for Respondent
John Andrew Ruymann
Asst. U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608

**SIMANDLE**, District Judge

    Petitioner Carlos Alamo, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Charles Samuel.

---

[1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
  (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.  BACKGROUND

Petitioner Carlos Alamo was arrested by New York authorities on four Bronx County indictments and, on February 19, 1999, was remanded to the New York City Department of Corrections.  While awaiting trial on those state charges, he was indicted by the United States for conspiracy to distribute heroin in violation of 21 U.S.C. § 846, charges that he contends were related to the pending state charges.

On May 14, 1999, pursuant to a writ of habeas corpus ad prosequendum, New York authorities produced Petitioner to the United States Marshal to answer the federal charges.  On November 15, 2000, judgment was entered in the U.S. District Court for the Southern District of New York sentencing Petitioner to a term of imprisonment of 151 months.  See United States v. Alamo, Criminal Action No. 99-0478-JSM-2 (S.D.N.Y.).[2]  On November 17, 2000, Petitioner was transported to state court where a sentence of one and one-half to three years, allegedly to run concurrently with Petitioner's federal sentence, was imposed.[3]  Petitioner was returned to the New York City Department of Corrections on December 8, 2000.

---

[2] The sentencing hearing took place on November 3, 2000.

[3] Neither Petitioner nor Respondent has provided a copy of this judgment to this Court.

Another state sentence was imposed on November 30, 2001, to run concurrently with the federal sentence "now being served."[4] (Petition, Ex. A.)  On January 11, 2002, Petitioner was transferred to the New York State Department of Correctional Services to begin serving his state sentences.  He received state jail time credit for the periods from January 5, 1999, through January 6, 1999, from February 19, 1999, through May 14, 1999, and from December 8, 2000, through January 10, 2002.  Petitioner was discharged from the New York State Department of Correctional Services, having completed his state sentences, on September 10, 2004.

Petitioner began serving his federal sentence on that date. He was awarded prior custody credit from May 15, 1999, through December 7, 2000, because the state had not credited to his state sentence the time during which Petitioner was subject to the writ of habeas corpus ad prosequendum.

Petitioner sought credit against his federal sentence for the time when he was in state custody, to give effect to the state judges' statements that his state sentences should run concurrently to his federal sentence.

---

[4] Petitioner states, and the copy of the judgment attached to the Petition confirms, that this sentence was imposed for an incident that occurred while Petitioner was in state custody, for Promoting Prison Contraband. It indisputably is not related to the federal charges.

3

The Bureau of Prisons denied Petitioner's request for credit as to any time that had already been credited against his state sentence.  The BOP alternatively considered the request for credit a request for a nunc pro tunc designation, which was referred to the Northeast Regional Office.  By letter dated September 1, 2005, Regional Inmate Systems Administrator Fernando J. Messer advised Petitioner that his request for a nunc pro tunc designation was denied.

> Under Bureau policy, a designation for concurrent service of sentence should be made only when it is consistent with the intent of the sentencing court or with the goals of the criminal justice system.
>
> Based upon a review of the above federal sentencing order, the application of the federal statutes, your past criminal history, and the discretion afforded to the Bureau of Prisons, the request for a nunc pro tunc designation is denied

(Petition, Ex. B.)

This Petition followed.  Respondent concedes that Petitioner has exhausted his administrative remedies.

## II.  ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first,

the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence commenced on September 10, 2004, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of state authorities and that had been credited toward his state sentence.[5]

---

[5] The BOP properly credited Petitioner with the time spent in federal custody pursuant to the writ of habeas corpus <u>ad prosequendum</u> not because he was in primary federal custody during that time, which he was not, but because that time was not credited to his state sentence. When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has

5

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332,

---

primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes it priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. ... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted). Thus, the state government acquired primary jurisdiction over Petitioner when it arrested him and retained primary custody when it produced Petitioner pursuant to the writ of habeas corpus ad prosequendum.

342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995). Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which Petitioner served his state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[6] The decision of the BOP is subject to judicial review only for abuse of discretion. Barden, 921 F.2d at 478.

---

[6] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

7

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request**.  Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
> 
> (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
> - However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
> 
> (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
> - a copy of the federal and state J&Cs
> - the State sentence data record to include jail credit, and
> - any other pertinent information relating to the federal and state sentences.
> 
> (c) In making the determination, if a designation for concurrent service may be

>             appropriate (e.g., the federal sentence is imposed
>             first and there is no order or recommendation
>             regarding the service of the sentence in
>             relationship to the yet to be imposed state term),
>             the RISA will send a letter to the sentencing
>             court (either the chambers of the Judge, U.S.
>             Attorney's Office, and/or U.S. Probation Office,
>             as appropriate) inquiring whether the court has
>             any objections.  Regardless of where the original
>             inquiry is directed, the U.S. Attorney's Office
>             and U.S. Probation Office will receive a courtesy
>             copy.
>                  (d) If, after 60 days, a response is not
>             received from the sentencing court, the RISA will
>             address the issue with the Regional Counsel and a
>             decision will be made regarding concurrency.
>                  (e) No letter need be written if it is
>             determined that a concurrent designation is not
>             appropriate. ...

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence."  P.S. 5160.05, ¶ 7(g).

   Here, Petitioner's request for credit was treated as a request for such a nunc pro tunc designation.  Although the BOP did not obtain the state court judgments, there is no suggestion that it did not credit Petitioner's characterization of them, and the BOP did obtain the state sentence data, including jail credits, and did review the federal judgment and Petitioner's criminal record.  Following that review, the BOP denied the nunc pro tunc designation.  In view of the statutory presumption for

consecutive sentences, and the BOP's review of Petitioner's state sentence data and criminal record, it cannot be said that the BOP's decision was an abuse of discretion.

Petitioner has not established any right to relief.[7]

### III. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

                          **s/ Jerome B. Simandle**
                          Jerome B. Simandle
                          United States District Judge

Dated: April 12, 2007

---

[7] Contrary to Petitioner's argument, this Court has no authority to "equitably" apply United States Sentencing Guideline 5G1.3 to grant Petitioner credit for the time spent in state custody. Any challenge to the sentence as imposed must be raised on appeal or directed to the court which imposed the sentence pursuant to 28 U.S.C. § 2255.